## GILLIAM AND BERRY *vs.* LOVE.

In an action for trespass, in beating the plaintiff and tearing down his house, evidence that the defendant declared, while committing the trespass, that he was doing it because the plaintiff traded with his negroes, is proper evidence to go in mitigation of damages.

Trespass, from Dougherty Superior Court. Tried before Judge ALLEN, at June Term, 1860.

This was an action brought by John Love against Joab Gilliam and Thomas Berry, for trespass upon the person and property of plaintiff.

On the trial, the answers of several witnesses, taken by commission, were read in evidence by plaintiff, going to prove the trespass, both upon the person of plaintiff, by beating him, and upon his property, by entering upon his premises, tearing down his houses, causing his crop to be injured, the extent of the injury, etc.

In answer to a cross-interrogatory propounded by defendants' counsel, one of the witnesses answered, "that defendants said that they were doing so (referring to the trespass) because plaintiff had been trading with negroes."

Counsel for plaintiff moved to reject this part of the evidence, consisting of the sayings of the defendant. The Court sustained the motion, and counsel for defendant excepted.

The jury found a verdict of fifty dollars for plaintiff, and counsel for defendant moved for a new trial mainly on the exclusion of the above stated evidence—which motion was overruled by the Court, and counsel for the defendant excepted.

STROZIER, for plaintiff in error.

WARREN, *contra.*

Gilliam and Berry *vs.* Love.

*By the Court.*—STEPHENS, J., delivering the opinion.

There is no objection made to this evidence for want of sufficient sanction of its verity. It is not hearsay evidence, for the sayings were uttered by the defendants while in the commission of the trespass for which they were sued. The objection urged against it is, that it is irrelevant, since the fact that the plaintiff had traded with negroes could be no justification for committing a trespass on him. We do not say that the fact amounts to a justification of the trespass— we think it does not: but the fact was a proper one to be considered in fixing the amount of damages. To hold otherwise, is to ignore any distinction between the fiend who does mischief for the love of it, and the frail mortal who allows his indignation, on account of a real injury, to hurry him into an illegal mode of redress. We think the evidence ought to have been admitted.

Judgment reversed.